# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Erik Buniatyan,

         Petitioner,

v.

Todd Blanche, et al.,

         Respondents.

No. CV-26-02843-PHX-SHD (JFM)

**ORDER**

Petitioner Erik Buniatyan filed a Petition for Writ of Mandamus (Doc. 1) and sought an Emergency Motion for Stay of Removal (Doc. 2).  Upon review of the Petition and Motion, the Court granted a Temporary Restraining Order that enjoined Petitioner's removal until May 7, 2026.  (Doc. 4.)  The Petition is fully briefed.  (Docs. 7-8.) Petitioner filed a renewed Motion for Stay of Removal and pursuant to General Order 26-09, Respondents filed a Notice of Impending Removal.  (Docs. 9-10.)  Petitioner filed a Motion to Expedite Consideration of his Petition.  (Doc. 11.)  The Court denies the Petition and dismisses this action.

**I.    Petition**

Petitioner is a native and citizen of Armenia who entered the United States in April 2026 and, upon entry, expressed a fear of return to his home country and an intent to seek asylum. (Doc. 1 ¶¶ 21-22.)  Counsel for Petitioner filed a Form G-28—a Notice of Appearance on Petitioner's behalf for immigration proceedings—on April 16, 2026. (Doc. 1, Ex. A.)  On April 20, 2026, counsel emailed Respondents, reiterated his

representation of Petitioner, and informed Respondents Petitioner requested his counsel's presence during a credible fear screening. (Doc. 1 at 6.) Respondents conducted a credible fear screening without notice to Petitioner or his counsel, without counsel's presence, and made a negative credible fear determination. (*Id.*) Petitioner and counsel had a video conference scheduled for April 21, 2026, which was canceled because Petitioner was transported to immigration court. Judicial review of the negative credible fear determination was conducted on April 21, 2026, without notice to counsel or Petitioner. Petitioner informed the Immigration Judge he is represented by counsel, but the IJ informed Petitioner there was no attorney of record, proceeded with the hearing, and affirmed Respondents' negative credible fear determination. Petitioner was informed he would be removed imminently. (*Id.* at 6.) Petitioner argues he was denied a statutorily and constitutionally compliant credible fear screening under 8 C.F.R. § 235.3. (*Id.* at 8-9.)

Petitioner sought (1) declaratory relief; (2) a "preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(a) compelling Respondents to refer, schedule, and provide Petitioner with a constitutionally compliant credible fear screening including the presence of counsel and, if necessary, the review of any subsequent negative determination before an Immigration Judge including the presence of counsel"; (3) a "writ of mandamus pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Respondents to refer, schedule, and provide Petitioner with a constitutionally compliant credible fear screening including the presence of counsel and, if necessary, the review of any subsequent negative determination before an Immigration Judge including the presence of counsel"; (4) a temporary restraining order enjoining Respondents from removing Petitioner; and (5) attorney's fees and costs. (*Id.* at 9.)

Respondents maintain that Petitioner received a telephonic credible fear interview on April 15, 2026, and, after initially asking to reschedule the interview to allow his attorney to appear, Petitioner "voluntarily asked if he could continue the interview

without an attorney." (Doc. 7-2 at 5.) Petitioner filed a reply and thereafter filed a renewed Motion for Stay of Removal.

## II.   Discussion

Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available. *Azurin v. Von Raab*, 803 F.2d 993, 995 (9th Cir. 1986).

The crux of Petitioner's claim is that he has been denied a "constitutionally compliant credible fear interview." (Doc. 8 at 2.) Petitioner maintains the Attorney General is "legally bound to provide Petitioner with a constitutionally compliant credible fear interview (and judicial review, if necessary) in compliance with 8 U.S.C. § 1225(b)(1)(B) prior to the execution of any order of removal." (*Id.*)

There are at least two flaws in Petitioner's claim. The first is that he fails to cite a particular provision that places a nondiscretionary duty on the Attorney General to ensure counsel's presence at a credible fear interview. Indeed, § 1252(b)(1)(B)(iv) provides that

> The Attorney General shall provide information concerning the asylum interview described in this subparagraph to aliens who may be eligible. An alien who is eligible for such interview may consult with a person or persons of the alien's choosing prior to the interview or any review thereof, according to regulations prescribed by the Attorney General. Such consultation shall be at no expense to the Government and shall not unreasonably delay the process.

*Id.* Petitioner does not argue Respondents precluded Petitioner from consulting with counsel prior to the interview. Moreover, while Petitioner argues his due process rights were violated "by the strategic prevention of Petitioner's counsel at his credible fear interview and related judicial review[,]" Petitioner does not dispute that the credible fear interview transcript reflects that Petitioner was asked about proceeding without his counsel present and Petitioner expressly agreed to proceed:

Paused the interview from 2:28 PM EST to 2:50 PM EST to determine whether we can reschedule]

Q: [Paused interview waiting for a response]     A: **Can we continue with the interview without an attorney?**

Q: Of course, do you feel comfortable proceeding without an attorney present?     A: **Yes**

(Doc. 7-2 at 5.)     Rather, Petitioner comments on the redactions in the transcript surrounding his agreement to proceed, but he does not offer any additional information that he believes contradicts his agreement to proceed without counsel.  This is insufficient to establish a clear nondiscretionary duty to ensure counsel's appearance at a credible fear interview.

Petitioner next argues that the Immigration Judge failed to conduct a de novo determination in violation of 8 C.F.R. § 1003.42.  But the Immigration Judge's order expressly indicates she conducted a de novo review of the denial of credible fear.  (Doc. 7-4 at 2.)     Petition has not met his burden of establishing an entitlement to a nondiscretionary and ministerial duty and his Petition for Writ of Mandamus must be denied.  The Court will therefore deny his motions for stay of removal and to expedite as moot.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Mandamus (Doc. 1) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay of Removal and Motion to Expedite (Docs. 9, 11) are **denied as moot**.

**IT IS FURTHER ORDERED** that this action is dismissed and the Clerk of Court must enter judgment accordingly and close this case.

Dated this 28th day of July, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 4 -